IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE GORDON, aka DWAYNE HAYES, | No. C-09-1849 TEH (PR) |
| Plaintiff, | |
| v. | ORDER OF SERVICE |
| GREGORY AHERN, et. al., | |
| Defendant(s). | |

Plaintiff, a pretrial detainee housed at the Santa Rita Jail (Alameda County) in Dublin, California, has filed a pro se civil rights Complaint under 42 U.S.C. section 1983 alleging that Alameda County Sheriff's Deputies violated his constitutional rights. Specifically, Plaintiff claims that the Alameda County Jail law library is closed and his requests for legal assistance sent to the county's contracted legal assistance program were denied.

//

//

//

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). To state a claim for any violation of the right of access to the courts, a prisoner must allege that there was an inadequacy in the prison's legal access program (e.g., law library or legal assistant) that caused him an actual injury. See Lewis, 518 U.S. at 350-55. He must allege specific facts showing that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 354-55.

An offer of court-appointed counsel satisfies the government's obligation to provide meaningful access to the courts to a criminal defendant.  See <u>United States v. Wilson</u>, 690 F.2d 1267, 1272 (9th Cir. 1982), cert. denied, 464 U.S. 867 (1983).  It is unclear whether <u>Bounds</u> places an affirmative duty upon the state to provide access to a law library for a pretrial detainee who has rejected counsel and chosen to represent himself; however, denying him access to both a law library and legal assistance may violate his Sixth Amendment right to prepare a defense under <u>Faretta v. California</u>, 422 U.S. 806 (1975).  See <u>Milton v. Morris</u>, 767 F.2d 1443, 1445-47 (9th Cir. 1985).

Liberally construed, Plaintiff's allegations appear to state a cognizable section 1983 claim for a violation of his right of access to the courts and/or of his Sixth Amendment right to prepare a defense, and defendants will be served.

## II

For the foregoing reasons and for good cause shown:

1. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the Complaint in this matter, all attachments thereto, and copies of this Order on <u>Alameda County Sheriff Gregory Ahern, Sergeants B.S. Quin, Badge #1319 and P. M. Jones, Badge #779, and Lieutenant P. J. Kennedy</u>.  The Clerk also shall serve a copy of this Order on Plaintiff.

2. In order to expedite the resolution of this case, the

3

Court orders as follows:

     a.  No later than 90 days from the date of this Order, Defendants shall file a Motion for Summary Judgment or other dispositive motion.  A Motion for Summary Judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the Court prior to the date his motion is due.  All papers filed with the Court shall be served promptly on Plaintiff.

     b.  Plaintiff's Opposition to the dispositive motion shall be filed with the Court and served upon Defendants no later than 30 days after Defendants serve Plaintiff with the motion.

     c.  Plaintiff is advised that a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your Complaint says.  Instead, you must set out specific facts in

**4**

1  declarations, depositions, answers to interrogatories, or
2  authenticated documents, as provided in Rule 56(e), that contradict
3  the facts shown in Defendants' declarations and documents and show
4  that there is a genuine issue of material fact for trial.  If you do
5  not submit your own evidence in opposition, summary judgment, if
6  appropriate, may be entered against you.  If summary judgment is
7  granted, your case will be dismissed and there will be no trial.
8  <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App
9  A).

10        Plaintiff also is advised that a Motion to Dismiss for
11  failure to exhaust administrative remedies under 42 U.S.C. §
12  1997e(a) will, if granted, end your case, albeit without prejudice.
13  You must "develop a record" and present it in your opposition in
14  order to dispute any "factual record" presented by the Defendants in
15  their Motion to Dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14
16  (9th Cir. 2003).

17        d.   Defendants shall file a reply brief within 15
18  days of the date on which Plaintiff serves them with the opposition.
19        e.   The motion shall be deemed submitted as of the
20  date the reply brief is due.  No hearing will be held on the motion
21  unless the Court so orders at a later date.

22        3.   Discovery may be taken in accordance with the Federal
23  Rules of Civil Procedure.  No further court order is required before
24  the parties may conduct discovery.

25        4.   All communications by Plaintiff with the Court must
26  be served on Defendants, or Defendants' counsel once counsel has

1 been designated, by mailing a true copy of the document to
2 Defendants or Defendants' counsel.
3      5.   It is Plaintiff's responsibility to prosecute this
4 case.  Plaintiff must keep the Court and all parties informed of any
5 change of address and must comply with the Court's orders in a
6 timely fashion.  Failure to do so may result in the dismissal of
7 this action pursuant to Federal Rule of Civil Procedure 41(b).

10      IT IS SO ORDERED.

12 DATED   07/01/09

                                    THELTON E. HENDERSON
13                                     United States District Judge

23 G:\PRO-SE\TEH\CR.09\Gordon-09-1849-order of service.wpd

**6**